## Wilhelm *against* Caul.

If a contract requires the performance of an entire work by one party, yet if the other party dispense with the performance of portions of it, the plaintiff may recover in an action on the contract, the sum he is entitled to for the work actually done.

ERROR to the Common Pleas of *Northumberland* county.

Dennis C. Caul against Henry Wilhelm. This action originated before a justice, and was brought into the Common Pleas by appeal. It was founded upon a contract between the parties, by which the plaintiff agreed to do the carpenter work of a house for the defendant, for which he was to receive $75 from the defendant, to be paid as the work progressed. The charge of the court was the subject of exception; it was as follows:

LEWIS, President.—It is objected that the plaintiff cannot maintain the action for the work actually done under the contract of 7th of May 1839, because some small portions of the house, to wit, two doors and one window, remain unfinished. This is the general rule in entire contracts. But where, as in this case, the parties have agreed that the compensation shall be paid as the work goes on, according to the amount of work done, or where the party entitled to performance has dispensed with the articles omitted, as is shown with respect to the window and two doors, the plaintiff may maintain an action for compensation for the work actually done according to the contract, being liable to a deduction for any breach of the contract shown to exist on the part of the plaintiff.

*Miller*, for plaintiff in error, argued that the plaintiff treated the contract as entire, by suing upon it as such to recover the whole price, and he cannot therefore recover, unless he shows an entire performance. A contract to pay as the work progresses does not give a right of action for any part of the work as it is done.

[Wilhelm v. Caul.]

*Pollock,* for defendant in error, whom the court declined to hear.

The opinion of the Court was delivered by

SERGEANT, J.—This case resembles that of *Preston* v. *Finney,* (*post.* 53) decided at the present term, with this difference : that here, the defendant dispensed with the performance of some minor portions of the contract, after it had been for the most part performed by the plaintiff. These portions were two doors and one window. If a contract require the performance of the entire work by one party, yet if the other party dispense with portions of it, the plaintiff may recover, under the contract, the price he is entitled to for the work he has done. It is urged that the court erred in charging in the alternative, and thereby permitting a recovery for part performance, if the money was payable as the work went on according to the contract. It is, however, stated by the court that it was shown the defendant had dispensed with the articles omitted, namely, the two doors and one window. If so, that is sufficient. The evidence in the cause has not been furnished to us by the defendant, and the facts must therefore be taken to be as stated in the charge of the court.

Judgment affirmed.